IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARYROSE RAEGEN, on behalf             10-CV-401-BR
of Theresa Syzonenko
                                       OPINION AND ORDER
          Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


MERRILL SCHNEIDER
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorney for Plaintiff


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**WILLY M. LE**
Special Assistant United States Attorneys
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2680

          Attorneys for Defendant

**BROWN, Judge.**

Maryrose Raegen, personal representative of Plaintiff Theresa Syzonenko,[1] seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings

---

[1] Syzonenko died shortly before this action was filed. Nevertheless, the parties refer to Syzonenko as "Plaintiff." Accordingly, the Court will also refer to Syzonenko as Plaintiff in this action.

2 - OPINION AND ORDER

consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on September 16, 2005, alleging a disability onset date of December 1, 2004. Tr. 113.[2] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on July 7, 2008. Tr. 20-68. At the hearing, Plaintiff was represented by an attorney. Plaintiff, a lay witness, and a vocational expert (VE) testified.

The ALJ issued a decision on August 19, 2008, in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits. Tr. 8-19. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 17, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on October 21, 1959, and was 48 years old at the time of the hearing. Tr. 25, 113. Plaintiff completed a Bachelor's Degree. Tr. 277. Plaintiff had past relevant work experience as a teacher and caregiver. Tr. 17.

---

[2] Citations to the official transcript of record filed by the Commissioner on July 21, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleged disability due to bi-polar disorder and a foot impairment. Tr. 118.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16-17.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a

preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

5 - OPINION AND ORDER

Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity [RFC].  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

6 - OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner

7 - OPINION AND ORDER

meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her December 1, 2004, alleged onset date.  Tr. 13.  The ALJ noted Plaintiff had worked 20 hours per week as a grocery-store clerk from 2005 to 2007, and "[t]he income earned satisfies the substantial gainful activity threshold."  Tr. 13.  Nevertheless, the ALJ noted Plaintiff's more recent work was not full-time even though her prior relevant work was full-time.  The ALJ, therefore, found Plaintiff's work as a grocery-store clerk was not substantial gainful activity, but it still was "evidence of [Plaintiff's] ability to sustain employment."  Tr. 13

At Step Two, the ALJ found Plaintiff had the severe impairments of bipolar disorder, anxiety disorder, and diabetes. Tr. 13.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff had the RFC to perform light work limited to simple, routine, repetitive tasks.  Tr. 14.

At Step Four, the ALJ found Plaintiff was not capable of

performing her past relevant work as a teacher or caregiver. Tr. 17.

At Step Five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 18. Accordingly, the ALJ found Plaintiff was not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's testimony, (2) improperly rejecting lay-witness testimony, (3) improperly rejecting the opinions of Plaintiff's treating and examining physicians, and (4) failing to include all of Plaintiff's limitations in his evaluation of Plaintiff's RFC.

**I. Plaintiff's testimony**.

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

9 - OPINION AND ORDER

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent of the [RFC]."  Tr. 15.  The ALJ noted Plaintiff works part-time at a grocery store and receives income from an inheritance as well as her son's survivor benefits.  The ALJ found "[t]hese sources of income may be a disincentive to working full time."  Tr. 15.  The Ninth Circuit has held an ALJ may properly question a claimant's motivation to work when the claimant has access to large financial reserves.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ also noted Plaintiff did not participate in mental-health therapy between August 2006 and May 2008.  Tr. 16.  Moreover, Plaintiff advised a treating physician that despite

10 - OPINION AND ORDER

having diabetes, she did not check her blood sugar or own a glucose monitor. Tr. 16, 429. Similarly, a treating physician noted in April 2008 that Plaintiff had not "seen anyone in a long time to have her foot evaluated." Tr. 16, 430. An ALJ may discredit a claimant's testimony based on a relative lack of treatment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The Court concludes on this record that the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II. Lay-witness testimony**.

Plaintiff contends the ALJ erred when he rejected the lay-witness statement of Rick Edmunds, Plaintiff's manager at her grocery-clerk job.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

In his July 2008 statement, Edmunds stated Plaintiff worked

11 - OPINION AND ORDER

as a "courtesy clerk" and was hired as a "challenged employee." Tr. 473.  As a challenged employee, Edmunds notes Plaintiff's duties were "very limited and restricted."  Tr. 473.  Edmunds stated Plaintiff had "a very slow affect, and [did] not appear to have any sense of urgency. . . .  She [had to] constantly be redirected and supervised to remain on task."  Tr. 473.  Edmunds also stated there were "many occasions when [Plaintiff] misse[d] work, or call[ed] in at the last minute to say she [would] not be coming in.  Therefore, her hours fluctuate[d] greatly."  Tr. 473.

The ALJ rejected Edmunds's statement on the ground that "[t]here are at least five other workers who do the same job, for the same pay, and for the same number of hours as the claimant.  Thus, there does not appear to be evidence of disability accommodation."  Tr. 15-16.  This is not a reason germane to Edmunds for rejecting his statement.

The Court concludes on this record that the ALJ erred when he rejected Edmunds's statement because the ALJ failed to provide legally sufficient reasons supported by the record for doing so.

**III. Medical opinion testimony**.

Plaintiff contends the ALJ erred when he improperly rejected the opinion of examining physician Judith D. Julien, Psy.D., and "accord[ed] less than controlling weight" to the opinion of treating psychiatrist Carol Nelson, M.D.

12 - OPINION AND ORDER

### A.   Dr. Julien's opinion.

On June 30, 2004, Dr. Julien conducted a comprehensive neuropsychological evaluation of Plaintiff and diagnosed Plaintiff with a cognitive disorder, "NOS diminished memory," "inconsistent attention-concentration," bipolar disorder, anxiety, and obsessive-compulsive personalty traits.  Tr. 282.  Dr. Julien opined Plaintiff would need to work in a position in which she could focus on one thing at a time without interruption, she would need more time to perform tasks, and she required "noninvasive and supportive supervision."  Tr. 283-84.  Dr. Julien opined "because of [Plaintiff's] constellation of cognitive and emotional difficulties and instability due to the Bipolar Disorder, at this time it would seem virtually impossible for [Plaintiff] to be competitively employable enough to support herself and her son on a full-time basis."  Tr. 284.

The ALJ did not specifically reject Dr. Julien's opinion.  In fact, the ALJ noted Plaintiff's RFC "limitation of simple, unskilled work reflects the objective test findings of . . . [Dr. Julien]."  The ALJ, however, failed in his assessment of Plaintiff's RFC to include a number of Plaintiff's other limitations that were part of Dr. Julien's opinion.

An ALJ must specify the weight given to a doctor's opinion.  The failure to do so constitutes an implicit rejection without substantial evidence to support the rejection.  *Nguyen v.*

13 - OPINION AND ORDER

*Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

The Court concludes on this record that the ALJ erred when he implicitly rejected Dr. Julien's opinion in part because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**B.    Dr. Nelson's opinion.**

On November 18, 2004, Dr. Nelson conducted a mental-health evaluation of Plaintiff and diagnosed Plaintiff with bipolar disorder and an anxiety disorder.  Dr. Nelson noted Plaintiff's "mood has been stabilized and helped with her medications."  Tr. 350.  Dr. Nelson assigned Plaintiff a GAF between 60 and 70 with a GAF between 50 and 60 "in the past year."[3]  Tr. 350.

On June 10, 2008, Dr. Nelson completed a check-the-box form summarizing Plaintiff's impairments.  Dr. Nelson noted Plaintiff suffered from bipolar disorder, memory problems, depression, obesity, and "new onset diabetes."  Tr. 369-70.  Dr. Nelson noted as a result of Plaintiff's impairments,

---

[3] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100.  A GAF of 51-60 indicates moderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks or moderate difficulty in social, occupational, or school functioning.  A GAF of 61-70 indicates some "mild symptoms (*e.g.*, depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning . . ., but generally functioning pretty well, has some meaningful interpersonal relationships." *Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).

14 - OPINION AND ORDER

Plaintiff suffers "mood instability . . . although these are [*sic*] less frequent over last year, very poor memory and follow thru [*sic*] on tasks." Tr. 370. Dr. Nelson opined Plaintiff suffered marked limitations in concentration, persistence, or pace and in her activities of daily living and suffered moderate limitations in her social functioning. Tr. 371. Dr. Nelson, however, opined Plaintiff's impairments would not cause her to miss more than two days of work per month. Tr. 371.

The ALJ "accord[ed] less than controlling weight" to Dr. Nelson's June 2008 opinion because it was not consistent with Dr. Nelson's treatment notes. Tr. 16. The ALJ noted even though Dr. Nelson indicated she had been Plaintiff's treating psychiatrist since November 2004, the record reflects Plaintiff did not obtain any psychiatric treatment from August 2006 to May 2008. The ALJ also noted on August 30, 2006, the Plaintiff told Dr. Nelson that she "feels about 75% better." Tr. 444. In addition, Dr. Nelson assessed Plaintiff with a GAF of 60-70 in November 2004, and Plaintiff was able to work continuously from June 2005 onwards.

The Court concludes on this record that the ALJ did not err when he "accord[ed] less than controlling weight" to Dr. Nelson's 2008 opinion because the ALJ provided legally sufficient reasons supported by the record for doing so.

15 - OPINION AND ORDER

**IV.  The ALJ's assessment of Plaintiff's RFC**.

Plaintiff contends the ALJ erred when he failed to include all of Plaintiff's limitations in his assessment of Plaintiff's RFC.  The Court already has concluded the ALJ erred when he rejected Edmunds's statement and when he implicitly rejected the opinion of Dr. Julien in part.  Thus, the Court finds on this record that the ALJ erred when he did not include in his assessment of Plaintiff's RFC those limitations noted by Edmunds and Dr. Julien.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

16 - OPINION AND ORDER

>    (1) the ALJ has failed to provide legally
>    sufficient reasons for rejecting such
>    evidence, (2) there are no outstanding issues
>    that must be resolved before a determination
>    of disability can be made, and (3) it is
>    clear from the record that the ALJ would be
>    required to find the claimant disabled were
>    such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

It is unclear from the record whether the ALJ would be required to find Plaintiff disabled if the testimony and statements of Edmunds and Dr. Julien were credited. Accordingly, The Court, therefore, concludes further proceedings are necessary and, accordingly, remands this matter.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER